UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DABU,<br><br>    Plaintiff(s),<br><br>v.<br><br>BECKS CREEK INDUSTRY,<br><br>    Defendant(s). | No. C 08-5626 JSW (BZ)<br><br>**REPORT AND RECOMMENDATION** |

    Plaintiff Maria Dabu ("plaintiff") has applied for entry of default judgment against defendant Becks Creek Industry ("defendant"). Defendant has not appeared in this action and did not respond to plaintiff's application. By Order dated July 1, 2009, the Honorable Jeffrey S. White referred to me plaintiff's motion for entry of default judgment. I set a hearing for September 23, 2009. Defendant did not appear. The following is my report and recommendation.

    On December 17, 2008, plaintiff filed a complaint against defendant for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and its California equivalent, The Rosenthal Fair Debt Collection

1

Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq. By her motion, plaintiff now seeks damages for defendant's alleged violations of both the FDCPA and the RFDCPA.

Plaintiff alleges in her complaint that defendant, a "debt collector" as defined by both the FDCPA and the RFDCPA, sections 1692a(6) and 1788.2(c) respectively, contacted plaintiff repeatedly and threatened to take impermissible actions against plaintiff.

Plaintiff personally served process on defendant's authorized agent on January 27, 2009. Defendant failed to answer the complaint or otherwise defend the action. On September 23, 2009, upon plaintiff's request, the clerk of this court entered defendant's default under Rule 55(a). By its default, defendant is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages. Fed. R. Civ. P. 8(d); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Plaintiff submitted evidence that the defendant is not a minor, incompetent, or currently serving in the military.[1]

Pursuant to Rule 55(b)(2), the Court may enter a default judgment against a party against whom default has been entered. The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the Court. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Although a

---

[1] A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. 521. Defendants Becks Creek Industry, a company, is not subject to these limitations.

2

formal hearing is not required for a court to render a default judgment, <u>Davis v. Fendler</u>, 650 F.2d 1154 (9th Cir. 1981), plaintiffs have the burden of proving damages through testimony, written affidavit, or other relevant evidence. *See* <u>Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.</u>, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

Liability for violating various provision of the FDCPA and the RFDCPA having been established on default, the remaining issue is the relief available to plaintiff. In her motion, plaintiff seeks damages totaling $5,350.00, including $2,000.00 in statutory damages as a result of defendant's violations of the FDCPA and the RFDCPA, and $3,350.00 in attorneys' fees and costs. (Mot. For Def. J. p. 1-2.)

Statutory damages are available without proof of actual damages. Baker v. G.C. Servs. Corp., 677 F.2d 775, 781 (9th Cir. 1982). Under the FDCPA, a plaintiff may recover statutory damages "not exceeding $1,000[,]" 15 U.S.C. section 1692k(a)(2)(A), and under the RFDCPA, a plaintiff may recover statutory damages "not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)." Cal. Civ. Code § 1788.30(b). Such damages may be awarded cumulatively under both statutes. See 15 U.S.C. § 1692(n) (The federal law "does not exempt any person . . . from complying with the laws of any State with respect to debt collection practices"); Cal. Civ. Code § 1788.32 ("The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.").

3

1 | The decision to award statutory damages and the size of
2 | such award is left "to the sound discretion of the district
3 | court." Savino v. Computer Credit, 164 F.3d 81, 86 (2d Cir.
4 | 1998). In making its determination, "the court shall
5 | consider, among other relevant factors . . . the frequency and
6 | persistence of noncompliance by the debt collector, the nature
7 | of such noncompliance, and the extent to which such
8 | noncompliance was intentional." 15 U.S.C. § 1692(k)(b). Some
9 | courts refuse to award any statutory damages where violations
10 | are technical and de minimis, Lester E. Cox Medical Center v.
11 | Huntsman, 408 F.3d 989, 993-94 (8th Cir. 2005), and at least
12 | one court has refused to grant a plaintiff's motion for
13 | default judgment when the plaintiff failed to substantiate the
14 | basis for his statutory damages. Thornton v. United
15 | Collections Servs. L.L.C., 2007 U.S. Dist. LEXIS 92997, at
16 | *2-3 (E.D. Mich.). "Plaintiff bears the burden of proving the
17 | level of statutory damages she seeks by competent testimony
18 | or other admissible evidence. See e.g., Mirage Studios v.
19 | Yong, 1994 WL 184613 at *2 (N.D. Cal.)).

20 | Plaintiff requests the maximum amount of statutory
21 | damages under both the FDCPA and the RFDCPA. Unlike Thornton,
22 | plaintiff' allegations are specific enough to warrant
23 | statutory damages. Plaintiff alleges the following conduct
24 | which violates the law: defendant disclosed the existence of
25 | plaintiff's debt to her father, defendant misrepresented that
26 | he was a law enforcement officer, and defendant repeated
27 | called plaintiff's cousin and parents. Plaintiff makes all of
28 | these allegations in a verified complaint.

Based on record before me, I recommend that plaintiff be awarded $1000 under the FDCPA and $1000 under the RFDCPA.

Plaintiff also requests the Court to enter an award for reasonable attorneys' fees and costs. Both the FDCPA and RFDCPA provide for an award of costs and reasonable attorneys' fees to a prevailing plaintiff. 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c). Plaintiff requests $2,950 in attorneys' fees and $400 in costs to date. (Mot. For Def. J. p. 1). I find that plaintiff has adequately substantiated her request for attorneys' fees based on the declarations and exhibits of Nicholas Bontrager, Michael Agruss, and Adam Krohn and recommend awarding her $2,950 in attorneys' fees and $400 in costs.

Dated: September 23, 2009

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\DABU\REPORT AND RECOMMENDATIONbz.wpd

5